IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT SZWEDA,

    Plaintiff,

v.

NAVIGATORS MANAGEMENT CO. INC. DBA
NAVIGATORS INSURANCE CO.,

    Defendant.

OPINION and ORDER

Case No.  16-cv-309-wmc

---

    In early 2016, a cargo container belonging to plaintiff Robert Szweda was stolen in the Port of Manilla, Philippines.  Plaintiff made a claim for the stolen cargo under a policy of insurance through defendant Navigators Management Co., Inc., dba Navigators Insurance Co.  Defendant refused to investigate plaintiff's claim or to pay benefits, causing plaintiff to file this lawsuit seeking compensatory and punitive damages.  Because plaintiff is proceeding without prepayment of the filing fee, the court must screen his complaint pursuant to 28 U.S.C. § 1915(e)(2).

    The first question is whether this court has subject matter jurisdiction over plaintiff's claims.  Plaintiff invokes diversity jurisdiction under 28 U.S.C. § 1332, which requires that the parties in suit are citizens of different states and that the amount in controversy is greater than $75,000.  Plaintiff alleges that he lives in Wisconsin and that defendant is headquartered in New York, so it appears that the parties are of diverse citizenship.  With respect to the amount in controversy, plaintiff seeks $38,500 in compensatory damages, plus punitive damages for defendant's alleged bad faith and unethical business practices.  Because punitive damages can be considered when assessing

the amount in controversy, *Hunt v. DaVita, Inc.*, 680 F.3d 775, 777 (7th Cir. 2012), plaintiff's allegations might be sufficient to establish the amount in controversy. However, the availability of punitive damages will likely depend on which state law governs plaintiff's claims. Plaintiff did not submit a copy of the insurance policy with his complaint, and it is not clear at this stage whether plaintiff's claims would be governed by Wisconsin law, New York law or the law of another state. This matters because it appears that plaintiff may be able to recover punitive damages under Wisconsin law, but he likely would not be able to recover punitive damages under New York law.

Both Wisconsin and New York recognize breach of contract claims. Under Wisconsin law, a plaintiff states a breach of contract claim by pleading (1) the existence of a contract creating obligations flowing from defendant to plaintiff; (2) a breach of those obligations; and (3) damages from the breach. *Northwestern Motor Car, Inc. v. Pope*, 51 Wis.2d 292, 296, 187 N.W.2d 200, 203 (1971). The elements of a breach of contract claim under New York law are essentially the same. *See JP Morgan Chase v. J.H. Elec. of New York, Inc.*, 69 A.D.3d 802, 803, 893 N.Y.S.2d 237, 239 (2010). Plaintiff has sufficiently pleaded each of these elements of a breach of contract claim.

Wisconsin also recognizes a tort cause of action for damages resulting from an insurer's bad faith refusal to honor an insured's claim. A tort plaintiff may recover punitive damages. *See Anderson v. Cont'l Ins. Co.*, 85 Wis. 2d 675, 686, 271 N.W.2d 368, 374 (1978). "A plaintiff bringing such a claim must show two things: the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Advance Cable*

*Co., LLC v. Cincinnati Ins. Co.*, 788 F.3d 743, 748 (7th Cir. 2015) (quoting *Brethorst v. Allstate Prop. & Cas. Ins. Co.*, 334 Wis. 2d 23, 798 N.W.2d 467, 474 (2011)). Plaintiff's allegations are sufficient to state a claim of bad faith under Wisconsin law because he alleges that defendant denied his insurance claim without any investigation and without any basis for denial.

New York law, in contrast, does not appear to recognize a tort claim for bad faith denial of insurance coverage, and it does not generally permit punitive damages for such a claim. *See Polidoro v. Chubb Corp.*, 386 F. Supp. 2d 334, 337 (S.D.N.Y. 2005); *Manning v. Utilities Mut. Ins. Co.*, No. 98 CIV. 4790 (RCC), 2004 WL 235256, at *2 (S.D.N.Y. Feb. 9, 2004); *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 639 N.Y.S.2d 283, 662 N.E.2d 763 (1995). Accordingly, if plaintiff's claims are governed by New York law, then he probably cannot proceed in tort, which means that he may have no ability to recover punitive damages. If this is the case, then plaintiff cannot meet the dollar threshold required for a diversity lawsuit and this court would lack subject matter jurisdiction over his claims.

The court cannot determine whether subject matter jurisdiction exists without knowing which state law governs plaintiff's claims. The court cannot even make a preliminary ruling on this issue without reviewing the insurance policy at issue. Accordingly, plaintiff must submit a copy of the insurance policy to the court, along with a legal brief explaining why he believes that subject matter jurisdiction is present in federal court.

ORDER

IT IS ORDERED that plaintiff Robert Szweda may have until August 12, 2016 to submit to the court a copy of the insurance policy at issue, along with a legal brief explaining how subject matter jurisdiction exists in this court. If plaintiff fails to submit such proof by August 12, 2016, then this case will be referred to the presiding judge for dismissal for lack of subject matter jurisdiction.

Entered this 19th day of July, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge