IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT SZWEDA,

    Plaintiff,

v.

NAVIGATORS MANAGEMENT CO. INC.
dba Navigators Insurance Co.,

    Defendant.

OPINION and ORDER

Case No. 16-cv-309-wmc

---

*Pro se* plaintiff Robert Szweda filed this lawsuit to recover damages from his insurer for cargo that was stolen from the Port of Manilla, Philippines. The court granted Szweda leave to proceed under diversity jurisdiction on breach of contract and bad faith claims against defendant Navigators Management Co. Inc. dba Navigators Insurance Co. ("Navigators"). Pending before the court is defendant's Motion to Stay (dkt. #16), which the court will grant plaintiff's motion to compel (dkt. #28), which the court will deny as moot.

BACKGROUND

Since May of 2016, Szweda has been pursuing two parallel lawsuits against Navigators: this federal lawsuit and one in state court. Plaintiff filed this lawsuit first (if barely so) on May 9, 2016, asserting state law claims for breach of contract and bad faith against Navigators for its allegedly wrongful denial of his $38,500 loss claim under insurance certificate number 5164005000255. Because he was proceeding *in forma pauperis*, the court screened his complaint pursuant to 28 U.S.C. § 1915(e)(2). On July 19, the court directed plaintiff to supplement his pleadings by providing a copy of the insurance policy and explaining the basis for federal subject matter jurisdiction. After the

court granted an extension of time to respond, plaintiff filed his supplement on September 8. On December 16, the court concluded that his response was sufficient to infer diversity existed between the parties and more than $75,000 was in controversy. Accordingly, the court granted Szweda leave to proceed against Navigators. (Dkt. #7.)

On January 18, 2017, Navigators was served with the federal summons and complaint in this lawsuit and it filed an answer on February 6. The parties then engaged in discovery, with the following deadlines currently in play: dispositive motions are due today, pretrial filings are due April 6, 2018, and the trial is to begin on May 7.

On May 16, 2016, just one week after Szweda filed his lawsuit in federal court, Szweda also filed his state lawsuit in the Circuit Court of Sauk County, Wisconsin, *Szweda v. Navigators Management Co.*, Case No. 2016CV000269. Like this lawsuit, his State complaint named Navigators as the only defendant. Szweda likewise identified the same insurance contract and claimed that Navigators breached that contract by wrongfully denying his $38,500.00 loss claim. Szweda again claimed that Navigators denied coverage in bad faith in violation of Wis. Stat. § 6.11(3).

Because no screening was required, Navigators was actually served with the state complaint on June 21, 2016, more than six months before it was served with the federal complaint. The circuit court judge held a scheduling conference on November 28, 2016, during which the court set several deadlines, although a trial date would not be set unless mediation was unsuccessful. On February 22, 2017, a little over a month after being served, Navigators filed a motion to stay the state action, but the circuit court denied

that motion a month later, on March 23, after concluding that the state court action was more advanced than the federal one. The publicly available record in the state court action further shows that on May 12, 2017, Navigators and Szweda filed cross motions for summary judgment and that the parties are currently resolving outstanding discovery disputes. *See Szweda v. Navigators*, Case No. 2016CV000269, available at https://wcca.wicourts.gov. While it still does not appear that a trial date has been set in this matter, the court entered an order resolving Szweda's motion to compel on October 3, 2017. *Id.*

OPINION

Having failed in its efforts to stay the state action, defendant now seeks to stay this lawsuit under the doctrine laid out in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), in which a federal court may, in exceptional circumstances, stay a suit in favor of a parallel, state-court proceeding to promote "wise judicial administration." *Adkins v. VIM Recycling*, 644 F.3d 483, 497 (7th Cir. 2011) (quoting *Colo. River*, 424 U.S. at 818). "[T]he mere fact that an action is pending in state court is ordinarily no bar to parallel federal proceedings." *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004) (quoting *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1558 (7th Cir. 1989)). "[A]bstention is the exception," not the norm. *Id.* (quoting *Sverdrup Corp. v. Edwardsville Cmty. Unit Sch. Dist. No. 7*, 125 F.3d 546, 550 (7th Cir. 1997)). Accordingly, the Seventh Circuit has provided a two-step framework for determining whether a stay may be appropriate in *Clark*: "First, the court must consider 'whether the concurrent

state and federal actions are actually parallel.' [Second,] the court must consider a number of non-exclusive factors that might demonstrate the existence of 'exceptional circumstances.'" *Id.* (quoting *LaDuke*, 879 F.2d at 1559). If the party seeking abstention fails to convince at either step, the federal court should not stay the case.

As for the first step of the analysis, Navigators must show that the two cases are parallel by demonstrating that "substantially the same parties are contemporaneously litigating substantially the same issues simultaneously in another forum." *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011) (quoting *Clark*, 376 F.3d at 686). "The critical question is whether there is a 'substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'" *Id.* (quoting *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498 (7th Cir. 2011)). "Precisely formal symmetry is unnecessary. A court should examine whether the suits involve the same parties, arise out of the same facts and raise similar legal and factual issues." *Adkins*, 644 F.3d at 499.

Clearly, they do here. As noted above, the parties in both lawsuits are the same. Likewise, Szweda's claims – breach of contract and bad faith – appear to be the same as well: not only are the legal theories the same, but they arise from Navigator's denial of Szweda's claim under the same insurance certificate (number 5164005000255). Accordingly, the first step supports a stay. Even plaintiff does not deny that the actions are parallel.

As for the second step of the analysis, the court must consider the following factors:

4

> 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

*Tyrer v. City of Beloit*, 456 F.3d 744, 751, 754 (7th Cir. 2006). None of these factors is determinative, although there is a "'general presumption against abstention.'" *Id.* (quoting *AXA Corporate Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 278 (7th Cir. 2003)). Moreover, "the existence of federal question typically weighs heavily against abstention," *Harper v. Vill. of Sauget*, Civ. No. 05-397-WDS, 2007 U.S. Dist. LEXIS 20482, at *8 (S.D. Ill. Mar. 21, 2007). Where several factors strongly support abstention, however, it is within the district court's discretion to grant a stay. *See Tyrer*, 456 F.3d at 755.

Here, several factors favor abstention while only one arguably supports plaintiff's position. To that latter factor, plaintiff argues that litigating in this court is more convenient because he believes that the technological capabilities of the Sauk County Circuit Court are insufficient to accommodate his need to have some witnesses testify remotely. Even if there were some merit to this argument -- and given the robust nature of the essentially international internet, it is difficult to give the assertion much credence -- the state court was obviously unpersuaded. Moreover, having chosen to file in state court and opposed that action being stayed, plaintiff is in no position to complain now that the state court is out front and insist on proceeding. Regardless, any supposed

5

convenience that plaintiff may assert is significantly outweighed by the fact that the only source of law here is state, not federal law, and this court's exercise of jurisdiction inevitably will result in piecemeal litigation.

Of course other factors also support abstention. For one, as to the relative progress of the two proceedings, the state action is further along. Navigators filed its answer in the state court on July 25, 2016; both parties filed their motions for summary judgment in May, and it appears that the state court issued an order resolving plaintiff's motion to compel discovery at the beginning of October. While no trial date has been set, the state court has summary judgment motions under advisement and has been more actively involved in addressing discovery disputes. At least at this point, therefore, that court has a greater degree of familiarity with the contours of Szweda's claims and appears close to resolving them.

By contrast, even though plaintiff filed his complaint in the Federal Action first and there is a trial scheduled, the record in this lawsuit is not nearly as well-developed. For example, because § 1915(e)(2) required this court to take time evaluating its subject matter jurisdiction, Navigators was not served with the complaint until January of 2017, almost *six months* after Navigators filed its answer in the State Action. In this action the parties' opening briefs on motions for summary judgment are due today, while the state court is already considering their disposition. Additionally, plaintiff recently filed a motion to compel in this lawsuit, the resolution of which would require the court to

obtain briefing and sift through discovery responses and requests to address disputes already resolved in state court. The relative progress of these two actions, therefore, favors abstention.

As previously noted, Szweda's claims in both actions stem from state law, and he has alleged no facts or offered any law in this action suggesting that he has a separate federal claim. As such, it makes sense for the Wisconsin circuit court to resolve plaintiff's state court claims.

Finally, and most importantly, given that plaintiff's claims in both actions are the same, the continued litigation of this action in parallel with the state action carries not just the risk but the certainty of piecemeal litigation, which "occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Tyrer*, 456 F.3d at 755 (quoting *LaDuke*, 879 F.2d at 1560). Continuing with this lawsuit while the state action is closer to resolution *and* will proceed regardless would be a waste of the parties' and this court's resources. As such, the court will grant defendant's motion and stay this matter until the state court proceedings have been resolved.

ORDER

IT IS ORDERED that:

1. Defendant Navigators Insurance Co.'s Motion to Stay (dkt. # 16) is GRANTED, and this lawsuit is STAYED pending completion of the parallel state court proceedings between these same parties in *Sauk County Circuit Court,* Case No. 16-cv-269.

2. Plaintiff's motion to compel (dkt. #28) and motion for summary judgment (dkt. #33) are DENIED as moot.

3. The clerk's office is directed to close this case administratively.

Entered this 13th day of November, 2017.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge